IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES PEEVEY, # A-91444, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00615-NJR |
| | ) |
| PULLMAN, LASHBROOK, | ) |
| BOBBY SPILLER, D. FLATT, | ) |
| FURLOW, and JOHN DOE 1, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

The matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit

and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

>occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A as being frivolous or for failure to state a claim upon which relief may be granted: *Peevey v. Grant,* Case No. 90-cv-6133-JPG (N.D. Ill., dismissed Nov. 8, 1990); *Peevey v. Smith,* Case No. 91-cv-7098-JPG (N.D. Ill., dismissed Nov. 18, 1991); and *Peevey v. City of Cook*, Case No. 92-cv-6628-JPG (N.D. Ill., dismissed Nov. 17, 1992). Because Plaintiff has three or more "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as Plaintiff's motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. Plaintiff alleges that he suffered a one-time injury in late January 2016 when he was placed in a hot dryer by two inmates at the direction of a correctional officer. He alleges medical repercussions, but also indicates that he has received ongoing medical treatment for the injuries he suffered. Plaintiff does not allege that he is under an ongoing threat of imminent and serious physical injury, and, in fact, Plaintiff is due to be released from Pinckneyville in less than a week, on July 27, 2016.

Some of Plaintiff's claims do not even allege a harm of the variety that correlates with imminent danger. For example, Plaintiff's claim of excessive use of force by the officer who directed that he be placed in a dryer does not present a threat of imminent danger because he makes no allegation that the officer has him under an ongoing threat. Again, allegations of past harm are not sufficient to overcome the imminent danger threshold. *See Ciarpaglini*, 352 F.3d at 330. Plaintiff also expresses general displeasure with the grievance procedure because he feels it has taken too long, and his grievances are still pending. These claims fail because they do not present a risk of imminent danger, and a Plaintiff does not have a constitutionally protected interest in a prison grievance procedure. *See id.; Grieverson v.* Anderson, 538 F.3d 763, 772 (7th Cir. 2008) (noting that any right to a grievance procedure is a procedural right and thus is not the proper fruit of a substantive due process claim). Finally, as to any claims that Defendants failed to protect him from harm, there is no imminent danger associated with these claims because at most Plaintiff is claiming that Defendants failed to protect him from the initial dryer incident. These claims fail because they relate to a past injury, and also because there is no factual assertion that Defendants knew in advance that Plaintiff was at risk of being put in a dryer.

Without advance warning that Plaintiff was in harm's way, Defendants could not properly be held liable for a failure to protect. *See Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2011) (plaintiff must make a two-part showing: (1) that there was a serious risk of peril; and (2) that the liable individual easily could have done something to avert the risk, but did not do so).

Based on this analysis, the Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case. Therefore, it is **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**. It is **FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

DATED:  July 22, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**